# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3675

_____

Management Registry, Inc.

*Plaintiff - Appellant*

v.

A.W. Companies, Inc.; Allan K. Brown; Wendy Brown

*Defendants - Appellees*

Eric Berg

*Defendant*

_____

No. 18-1154

_____

Management Registry, Inc.

*Plaintiff - Appellant*

v.

A.W. Companies, Inc.; Allan K. Brown; Wendy Brown

*Defendants - Appellees*

Eric Berg

*Defendant*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: November 14, 2018
Filed: April 11, 2019
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

This appeal arises out of a contentious business deal. Management Registry, Inc., a large Kentucky staffing company, acquired a family of smaller staffing companies operating under the brand "AllStaff." When negotiations grew sour between some of the participants, two—Allan and Wendy Brown—formed a rival company. Management Registry sought a preliminary injunction and an injunction pending appeal to prevent this newly formed company from competing against it. The district court[1] declined to grant either, and we affirm.

I.

In an effort to expand its business, Management Registry entered into discussions to acquire AllStaff companies. Following months of negotiations, Management Registry agreed to purchase the whole family of businesses, with their president, Allan, staying on to run them. There was also an understanding that Allan's wife, Wendy, would separately negotiate to purchase one of the AllStaff companies back from Management Registry.

_____

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

At first, the deal proceeded as planned. But the negotiations between Management Registry and Wendy eventually fell apart, which led to Allan's departure and his decision to form a rival company with Wendy. The new company, A.W. Companies, Inc., recruited Management Registry employees and allegedly asked that they bring their computers, client files, and other proprietary information with them.

Management Registry sued A.W., Allan, and Wendy in federal district court, seeking, among other things, a preliminary injunction. Following briefing and a hearing, the district court denied the motion due to both the presence of material factual disputes and the absence of evidence showing how Management Registry would be irreparably harmed without an injunction. Management Registry appeals the decision not to grant injunctive relief, arguing that it is likely to prevail on the merits and that, if it does not receive an injunction, it will continue to suffer irreparable harm.[2] *See* 28 U.S.C. § 1292(a)(1) (granting appellate jurisdiction over the denial of an injunction).

## II.

When determining whether to grant a preliminary injunction, district courts must weigh four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on [the nonmovant]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). As we have explained, "[a] preliminary

---

[2]Management Registry filed two notices of appeal, one right after the district court denied the preliminary injunction and a second after the court refused to grant an injunction pending appeal. These two appeals have been consolidated. Management Registry treats the denial of a preliminary injunction and the denial of an injunction pending appeal as raising the same underlying issues, and so will we. *Cf. Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982) (per curiam).

injunction is an extraordinary remedy," and "[t]he party seeking injunctive relief bears the burden of proving" that these factors weigh in its favor. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). We will reverse a decision to deny a preliminary injunction only if the district court has abused its discretion, which happens if the decision rests "on clearly erroneous factual findings or erroneous legal conclusions." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citation omitted).

The district court determined that Management Registry had not met its burden of showing irreparable harm. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 318–19 (8th Cir. 2009) (clarifying that the "burden [is] on [the movant] to establish the threat of irreparable injury"). To receive a preliminary injunction, Management Registry had to establish that it had "no adequate remedy at law" because "its injuries [could not] be fully compensated through an award of damages." *Id.* at 319. It had a potentially viable theory—it was continuing to lose goodwill with its employees and customers—but not enough evidence or analysis to support it. *See Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 426 (8th Cir. 1996) (explaining that a loss of goodwill *can* be an irreparable harm).

In fact, Management Registry presented evidence suggesting the opposite: that an award of money damages would fully compensate it because its losses are quantifiable. For example, Management Registry claimed that A.W.'s actions led to the loss of three major accounts, which cut its revenues by $65,000 per week. To be sure, Management Registry claims to have lost other things too, such as customer files and other intellectual property. But beyond just asking the district court to trust its assessment that these harms are unquantifiable, it never persuasively explained why money damages could not compensate it for these losses as well. With the burden on Management Registry, it was not "error for the district court to require [more] evidence" than just a discussion of "general business principles" and a series of assurances that its business would be irreparably harmed if it did not receive an injunction. *Gen. Motors*, 563 F.3d at 319–20.

-4-

Although the failure to show irreparable harm was a sufficient reason to deny a preliminary injunction, *see Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987), Management Registry also failed to establish that it was likely to succeed on the merits, *see Dataphase*, 640 F.2d at 113 (suggesting that if a movant cannot make a strong showing of harm, it "faces a heavy burden" of showing it will ultimately prevail). It alleged ten claims in its complaint, running the gamut from equitable to contract- and tort-based claims. Yet rather than explaining why it was likely to prevail on the merits of those claims, it devoted most of its memorandum accompanying its preliminary-injunction motion to chronicling the Browns' alleged misdeeds, regardless of their relevance to the motion. It was not up to the district court to try to then connect the dots between Management Registry's allegations and its legal theories. *Cf. Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006) (noting that a court need not "mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments").

## III.

Accordingly, we affirm the denial of preliminary injunctive relief to Management Registry.

_____